UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| EDNA REED | CIVIL ACTION |
| VERSUS | NO. 10-4147 |
| NORTHROP GRUMMAN SHIP SYSTEMS | MAGISTRATE JUDGE JOSEPH C. WILKINSON, JR. |

**ORDER ON MOTION**

APPEARANCES:   None (on the briefs)

MOTION:   Defendant's Motion to Dismiss Or, Alternatively, for Summary Judgment, Record Doc. No. 17

O R D E R E D:

XXX : DENIED. Although defendant Northrop Grumman Ship Systems ("Northrop") asserts that the court "may take judicial notice of public records in deciding a Rule 12(b)(6) motion without converting that motion to a motion for summary judgment," Record Doc. No. 17-1 at p. 2, defendant's exhibits on their face do not consist solely of documents from the Equal Employment Opportunity Commission or the Louisiana Department of Labor, unlike the documents in the cases that defendant cites. Wilson v. Lockheed Martin Corp., No. 03-2276, 2003 WL 22384933, at *2 (E.D. La. Oct. 15, 2003) (Vance, J.) (citing Cinel v. Connick, 15 F.3d 1338, 1343 n.6 (5th Cir. 1994); Chadwick v. Layrisson, No. 98-3518, 1999 WL 717628, at *2 (E.D. La. Sept. 13, 1999) (Mentz, J.)).  Accordingly, the court treats defendant's motion as one for summary judgment, Fed. R. Civ. P. 12(d); Stokes v. Dolgencorp, Inc., 367 F. App'x 545, 547 (5th Cir. 2010), and applies the Rule 56 standard.

The current record does not at this time establish a set of undisputed material facts on which it can be determined as a matter of law who was plaintiff's employer or, if the employer was the Joint Apprenticeship Committee as opposed either to Northrop or the Union, whether the Joint Apprenticeship Committee (through one of its sponsors, Northrop) received such notice of the action that it will not be prejudiced in defending on the merits and knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity, such that an amendment to name the Joint Apprenticeship Committee as a defendant, even in the

alternative, would relate back to the original filing and satisfy the administrative exhaustion requirement.

At this early stage of the proceedings, before significant discovery of any kind has been conducted, the disputed material facts appear to be, but are not limited to, whether plaintiff submitted her sexual harassment claim to the Equal Employment Opportunity Commission by filing a handwritten note with that agency when she filed her charge of discrimination and when she filled out an intake questionnaire; whether Northrop was plaintiff's employer because it controlled her conduct; whether Northrop's employee, plaintiff's foreman and direct supervisor, Dale Ordogne, who gave her two consecutive failing evaluations, was in fact the supervisor who terminated her, thus making Northrop the decision-maker; whether both the Joint Apprenticeship Committee and Northrop, through its significant participation as a named sponsor in the activities of the Joint Apprenticeship Committee, had notice of the Equal Employment Opportunity Commission charge or the federal complaint; whether the Joint Apprenticeship Committee or Northrop, had total, nearly exclusive authority over all personnel decisions, including specifically plaintiff's termination; the effect, if any, on employer status of such secondary economic factors as who paid plaintiff's salary, withheld her taxes and provided her benefits on the issue of control; whether Reed's intake questionnaire does or does not qualify as a sufficient EEOC charge; whether Northrop, through its substantial involvement in the Joint Apprenticeship Committee, was engaged in a joint venture as a matter of law and fact, such that Northrop could be a viable defendant. "[T]here is Louisiana precedent that '[m]embers of a joint venture are liable for the debts of the joint venture.'" Beechgrove Redev. L.L.C. v. Carter & Sons Plumbing, Heating & Air Conditioning, Inc., No. 07-8446, 2009 WL 382710, at *8 (E.D. La. Feb. 11, 2009) (Barbier, J.) (quoting Freeman Decorating Co. v. Encuentro Las Americas Trade Corp., No. 02-2103, 2005 WL 2060997, at *7 (E.D. La. Aug. 24, 2005) (Berrigan, J.) (citing Comeaux v. C.F. Bean Corp., 750 So. 2d 291, 298 (La. App. 4th Cir. 1999))).

New Orleans, Louisiana, this \_\_\_6th\_\_\_ day of September, 2011.

JOSEPH C. WILKINSON, JR.
UNITED STATES MAGISTRATE JUDGE